UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MALIKA WALTON,                        )
                                      )
                  Plaintiff,          )
     v.                               )    Case No. 23-CV-1397
                                      )
NORTHWESTERN MUTUAL LIFE              )
INSURANCE COMPANY, et al.,            )
                                      )
                  Defendants.         )

## ORDER

On May 1, 2025, Magistrate Judge Eric I. Long entered a Report and Recommendation (#33), recommending that this case be dismissed as a sanction against Plaintiff for her failure to prosecute, sit for her deposition, and comply with court orders. Plaintiff filed an Objection (#35) to the Report and Recommendation on May 15, 2025, to which Defendants filed a Response (#37) on May 27, 2025. Following this court's careful de novo review of Judge Long's reasoning and Plaintiff's Objection, the court agrees with and accepts the Magistrate Judge's Report and Recommendation.

The court hereby adopts and incorporates in full Judge Long's recounting of the factual background of this case and reasoning in dismissing this matter as a sanction, as stated in the Report and Recommendation, and directs the parties to the Report and Recommendation for said background and reasoning. However, the court must address the basis for Plaintiff's Objection, as it concerns matters that could not have been known to Judge Long when he issued the Report and Recommendation on May 1.

On April 21, 2025, Judge Long issued an Order and Report and Recommendation (#31) granting Defendants' Motion to Compel (#20), "finding that Plaintiff failed to obey court discovery orders, timely respond to discovery requests, and appear for her properly noticed deposition." Judge Long ordered that "[w]ithin five days of this Order's entry, Plaintiff is directed to provide a minimum of four available deposition dates before May 15 to Defendant. **Plaintiff is cautioned that further disregard of the rules and court deadlines may result in sanctions up to and including dismissal of this case. This is Plaintiff's last warning.**" (Emphasis in original).

Accordingly, Plaintiff was to provide available dates for her deposition by April 26. However, on April 29, Defendant filed a Notice of Plaintiff's Noncompliance with the Court's April 21, 2025 Order (#32). Therein, defense counsel noted that Plaintiff had not contacted defense counsel with deposition dates.

Judge Long then issued his May 1, 2025, Report and Recommendation (#33) recommending dismissal of Plaintiff's case as a sanction. Judge Long noted that while, in the previous Order and Report and Recommendation (#31), the court found that Plaintiff's failures to obey court discovery orders, timely respond to discovery requests, and appear for her properly noticed deposition displayed fault, and perhaps willfulness, they did not display obvious bad faith. However, Judge Long wrote, despite making clear that this was Plaintiff's last warning and that failure to comply could result in sanctions up to and including dismissal, Plaintiff had yet again disregarded the court's orders by failing to contact defense counsel with deposition dates by April 26.

2

Judge Long then wrote that:

> Plaintiff has repeatedly been warned that she must comply with the rules, Court's orders, and Court's deadlines, and yet Plaintiff has continued to fail to comply. Plaintiff's actions have displayed fault and willfulness and caused serious inconvenience to Defendant[s] and this Court. Dismissal is a proportionate response under these circumstances. Accordingly, the Court recommends that this case be dismissed as a sanction against Plaintiff for her failure to prosecute, sit for her deposition, and comply with court orders.

Judge Long's Report and Recommendation (#33) was issued on May 1, 2025. On May 15, 2025, two weeks after the issuance of the Report and Recommendation, and on the last day of the objection deadline, Plaintiff filed her Objection (#35).[1] Plaintiff raises only one argument in support of her Objection: that the "perceived" and "technical" noncompliance with the court's April 21 Order and Report and Recommendation was not intentional or willful, because it was due to Plaintiff's counsel's April 24 hospitalization for chest pains. Plaintiff's counsel argues that Plaintiff herself should not be punished "due to the death or illness of [her] counsel[,]" and that the court "should find that the hospitalization of Plaintiff's counsel provides sufficient evidence/factors of mitigation, that warrant denial or modification of the R&R."

Plaintiff's counsel filed a declaration (#36) in support of the Objection. In the declaration, he states that he was admitted to Baptist Hospital in Miami, Florida, on April 24, 2025. The hospitalization was due to the fact that he was experiencing chest

---

[1]This was also more than three weeks after the issuance of the April 21 Order and Report and Recommendation (#31) and 19 days after the deadline for Plaintiff to inform defense counsel of her available deposition dates.

pains and shortness of breath shortly after he returned from a cross-country trip where he was scheduled to take depositions in another matter. As a direct result of these medical issues and hospitalization, he did not reach out to counsel for Defendants by April 26, as ordered by the court. In fact, Plaintiff's counsel states, he "had not even read the order as of the time of [his] hospitalization," as his plan "had been to review the order and several other emails in [his] queue upon [his] return from the trip as it was never contemplated, nor imagined, that [he] was going to end up in the hospital on the morning of [his] return, and that day, April 24, 2025, was/had been dedicated to catching up on emails and work."

      Plaintiff's counsel states that Plaintiff herself had no involvement in the failure to comply with the court's April 21 Order and Report and Recommendation, as it was solely due to Plaintiff's counsel's own medical issues and hospitalization. Thus, Plaintiff's counsel declares, she "should not be 'punished' due to issues outside of her, and for that matter [Plaintiff's counsel's] control, and the hospitalization should serve as a mitigating factor to the Report and Recommendation."

      Plaintiff's counsel states that he has proposed several dates from May 20 through 30 to Defendants for the deposition. He goes on to state that the chest pains and hospitalization were particularly personal and scary to him, as he has lost two friends under the age of 40 due to heart-related issues in the last two months. Plaintiff's counsel states that Defendants suffered no prejudice due to this short delay and that Defendants could not, in good faith, claim any prejudice.

First, the court would note that Plaintiff has not objected to any of Judge Long's findings in either the April 21 Order and Report and Recommendation (#31) or May 1 Report and Recommendation (#33) regarding Plaintiff's fault for her and her counsel's failure to comply with court discovery orders, timely respond to discovery requests, and appear for properly noticed depositions before the April 21 Order and Report and Recommendation. Finding no clear error in Judge Long's determinations, as they are amply supported by the record, the court accepts and adopts those findings made by the magistrate judge. See *Johnson v Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error.").

Next, the court turns to Plaintiff's Objection to Judge Long's recommendation that the case be dismissed due to failure to obey the court's April 21 Order and Report and Recommendation, which the court reviews de novo pursuant to Federal Rule of Civil Procedure 72(b). See *Johnson*, 170 F.3d at 739 ("Under Rule 72(b), the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made.").

Federal Rule of Civil Procedure 41(b) allows the court to dismiss a case if the plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order[.]" Likewise, Federal Rule of Civil Procedure 37 allows dismissal as a sanction if a party

5

fails to obey an order to "provide or permit discovery" or fails to appear for their deposition after being served with proper notice. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(i)-(iii).

"The court may 'infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines.'" *Pouliot v. Board of Trustees of University of Illinois*, 2025 WL 1275774, at *2 (7th Cir. May 2, 2025), quoting *Dickerson v. Board of Education of Ford Heights*, 32 F.3d 1114, 1117 (7th Cir. 1994). To dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault, and that the sanction imposed is proportionate to the circumstances. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal (if the failure is by the plaintiff) or default (if by the defendant) would be an excessively severe sanction." *Crown Life Insurance Co. v. Craig*, 992 F.2d 1376, 1382 (7th Cir. 1993).

"And the court does not need to impose less severe sanctions before dismissing the case '[w]here the pattern of dilatory conduct is clear.'" *Pouliot*, 2025 WL 1275774, at *2, quoting *Dickerson*, 32 F.3d at 1117. "The district court need only provide 'due warning' to the plaintiff's counsel that an imminent threat of dismissal is likely." *Pouliot*, 2025 WL 1275774, at *2, quoting *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995).

Plaintiff and Plaintiff's counsel's conduct meet that criteria. Judge Long's April 21 Order and Report and Recommendation explicitly and specifically warned Plaintiff, in bold print no less, that "further disregard of the rules and court deadlines may result in sanctions up to and including dismissal of this case. This is Plaintiff's last warning." Thus, Plaintiff clearly had "due warning" that an imminent threat of dismissal was likely. See *Pouliot*, 2025 WL 1275774, at *2.

Next, the failure here was not "inadvertent, isolated, no worse than careless," or only mildly inconvenient. As recounted in Judge Long's prior Orders, this was certainly not an isolated incident, and has caused serious inconvenience to the court. Moreover, Plaintiff's counsel's failure cannot be described as anything less than willful or in bad faith. The court is sympathetic to counsel's medical condition. However, that condition only arose on April 24, a full three days after Judge Long's Order and Report and Recommendation was entered. Counsel was electronically notified on April 21 via the court's electronic notification system that the Order and Report and Recommendation had been entered. The email notification in question (attached to Defendants' Response as Exhibit 2 (#37-2)), even included the docket summary of the Order's findings and the directive that Plaintiff provide deposition dates by April 26, and that failure to do so could result in sanctions up to and including dismissal of this case. Plaintiff's counsel did not even have to click on and open the actual Order and Report and Recommendation to be apprised of the court's directive. Counsel, in his declaration, states that he was traveling and planned to review any emails and orders

when he returned from his trip. But he certainly had access to his email during this time, especially as it was a working trip where he was taking depositions in another case. His decision not to review and act on the court's notification for the three days before his medical episode was an intentional, willful decision.

Nor can counsel's failure to comply after his April 24 hospitalization be considered anything but "willful, bad faith, or fault." Counsel states he was hospitalized on April 24, but says nothing about when he was discharged or returned to work. He offers no reason why he did not contact the court or defense counsel in the *three weeks* after his hospitalization. Indeed, Plaintiff's counsel does not even indicate in his declaration just *when* he actually got around to reading either the electronic notification or the Order and Report and Recommendation itself.

Plaintiff's argument that the court should not "punish" Plaintiff for the conduct of her counsel is unavailing, as "[l]itigants are bound by 'the acts and omissions' of their lawyers, including the failure to respond to discovery requests[.]" *Pouliot*, 2025 WL 1275774, at *2, citing *Choice Hotels International, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) (cleaned up). If the dismissal of Plaintiff's case resulted from her counsel's shortcomings, she could seek relief against her attorney, but it is not Defendants' burden to bear protracted litigation resulting from a failure to proceed with her own case. See *Pouliot*, 2025 WL 1275774, at *2.

Based on the foregoing facts, the court can only conclude that the failure to comply with the court's April 21 Order and Report and Recommendation was blatant and deliberate. Because the pattern of dilatory conduct is clear, and the court provided "due warning" to Plaintiff's counsel that an imminent threat of dismissal was likely, dismissal is an appropriate sanction in this case. See *Pouliot*, 2025 WL 1275774, at *2.

IT IS THEREFORE ORDERED:

(1) The Report and Recommendation (#33) is accepted by this court.

(2) This case is DISMISSED with prejudice as a sanction against Plaintiff for her failure to prosecute, sit for a deposition, and comply with court orders.

(3) This case is terminated.

ENTERED this 7th day of July, 2025.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE